COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, v. " GEORGE " H. GLADSTONE et al., Individually and as Co-partners Doing Business as GLADSTONE BROS., Defendants.

Supreme Court, Special Term, New York County, October 17, 1945.

*Edward F. Sweeney* and *Herbert F. Hastings, Jr.,* for defendants.

*Harry Schechter* and *Bernard Katzen* for plaintiff.

WALTER, J. Plaintiffs sue for damages allegedly caused by negligence of the defendants to the employee of an employer which insured its liability to its employees under a policy of Workmen's Compensation Insurance issued to it by the State Insurance Fund. They allege that the injured employee was awarded workmen's compensation and did not commence an action against the defendants within the time limited by section 29 of the Workmen's Compensation Law.

Defendants move to dismiss the complaint as insufficient upon its face in that there is nothing to show that the cause of action is vested in the plaintiffs. They also allege as an affirmative defense that plaintiffs are not the proper parties and that the action should be brought by another; and plaintiffs move to strike out that defense.

Section 29 of the Workmen's Compensation Law is explicit in its provision that under the circumstances here stated the injured employee's failure to commence an action against the defendants operates as an assignment of the cause of action against the defendants to the State for the benefit of the State Insurance Fund; and as plaintiffs are by statute (Workmen's Compensation Law, § 77) the managers and administrators of that fund, I entertain no doubt that they are the proper parties plaintiff. No decision upon the point has been cited or found; but the administrative construction long has been that such actions are maintainable by the commissioners, and even if

there were greater doubt than exists in my mind, the weight properly attachable to that administrative construction would turn the scales in plaintiffs' favor.

Defendants' motion to dismiss the complaint is denied and plaintiffs' motion to strike out the affirmative defense is granted.